UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ABLE SECURITY AND PATROL, LLC.                              CIVIL ACTION
AND HENRY JOLLY

VS.                                                         NO. 07-1931

STATE OF LOUISIANA, ET AL                                   SECTION T (4)

**O R D E R**

Currently before the Court are Plaintiffs' Motion for Extension of Time to accomplish Service on "Bogus Able" and "Walter Roberts" (Rec. Doc. 34) and a Motion to Dismiss pursuant to FRCP 12(b)(5) filed by Defendants, Able Security & Investigations of Louisiana, LLC, Walter Roberts, and El Dorado Insurance Agency, Inc. (Rec. Doc. 39).

Plaintiffs' Motion requests sixty (60) days additional time to find and effect service on Walter Roberts and "Bogus Able" Security and Patrol, i.e. Able Security & Investigations of Louisiana, LLC. Plaintiffs attached certified mail receipts demonstrating their attempts to try and serve both Roberts and Able Security & Investigations of Louisiana, LLC. See Exhibits "1" and "2" attached to Rec. Doc. 34.

Defendants' Motion provides that this action was filed April 17, 2007 and no service was made upon these defendants within 120 days after the filing of the complaint in accordance with FRCP 4(m). Thus, the moving Defendants urge that the action should be dismissed pursuant to

1

FRCP 12(b)(5) for failure to serve process timely upon the expiration of the 120 day period. Further, moving Defendants point out that Plaintiffs' Motion for Extension of Deadlines was filed after the 120 day period expired and that Plaintiffs failure to timely effect service is not due to excusable neglect on the part of Plaintiffs. Accordingly, moving Defendants request dismissal.

FRCP 4(m) provides:

> **(m) Time Limit for Service**. If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period. This subdivision does not apply to service in a foreign country pursuant to subdivision (f) or (j)(1).

Plaintiffs filed an Opposition (Rec. Doc. 40) to Defendants' Motion arguing that they have tried to serve Walter Roberts and Able Security & Investigations of Louisiana, LLC using addresses provided to them by the Able Security board. Plaintiffs have also attached as exhibits copies of the certified mail return receipts evidencing their attempts at service at the addresses provided. Considering the record and the memoranda of the parties, the Court exercises its discretion and gives Plaintiffs thirty (30) days from the date of this order to effect service on Walter Roberts and Able Security & Investigations of Louisiana, LLC. If service is not effected in the applicable time, the action shall be dismissed without prejudice as to these Defendants.

Plaintiffs' Motion for Extension and their Opposition does not request that the time to effect service be extended as to Defendant, El Dorado Insurance Agency, Inc. The 120 day time period for serving this Defendant has passed and there is no evidence in the record of service being

effected.  Thus, the Motion to Dismiss (Rec. Doc. 39) is **GRANTED** insofar as it regards El Dorado Insurance Agency, Inc.

Accordingly,

**IT IS ORDERED** that Plaintiffs' Motion for Extension Time to accomplish Service on "Bogus Able" and "Walter Roberts" (Rec. Doc. 34) is **GRANTED** and Plaintiffs are given thirty (30) days from the date of this order to effect service.

**IT IS FURTHER ORDERED** that Defendants Motion to Dismiss (Rec. Doc. 39)  is **DENIED** insofar as it requests dismissal of Walter Roberts and Able Security & Investigations of Louisiana, LLC.  The Motion to Dismiss (Rec. Doc. 39) is **GRANTED** insofar as it requests dismissal of El Dorado Insurance Agency, Inc. and El Dorado Insurance Agency, Inc. is hereby dismissed without prejudice.

New Orleans, Louisiana this 5th day of December, 2007.

_____
**UNITED STATES DISTRICT JUDGE**
**G. THOMAS PORTEOUS, JR.**