**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**ABLE SECURITY AND PATROL, LLC.**                         **CIVIL ACTION**
**AND HENRY JOLLY**

**VS.**                                                     **NO. 07-1931**

**STATE OF LOUISIANA, ET AL**                              **SECTION "B"(4)**

<u>**ORDER AND REASONS**</u>

Before the Court is a Motion to Dismiss filed by Defendants, the State of Louisiana through the Department of Public Safety and Corrections through its agency the Louisiana State Board of Private Security Examiners and Wayne Rogillio. Rec. Doc. 69. Plaintiffs oppose the Motion. Rec. Doc. 101. The Motion came hearing without oral argument on May 14, 2008, and was submitted on the briefs. For the following reasons, the Motion is **GRANTED.**

**I.   BACKGROUND**

Plaintiffs, Able Security and Patrol, LLC and Henry Jolly, filed this action alleging Defendants violated the Racketeer Influenced and Corrupt Organization Act ("RICO"), 18 U.S.C. § 1961, et seq., violated Plaintiffs' rights under the 14th Amendment, violated Plaintiffs' civil rights under 42 U.S.C. §§ 1983, 1985, committed state law torts and violated the Louisiana Constitution.

The Louisiana State Board of Private Security Examiners is an agency of state government in the Department of Public Safety and Corrections. LSA-R.S. 37: 3273 (A). Wayne Rogillio is the Executive Secretary of the Board. LSA-R.S. 37: 3275. Plaintiffs

1

allege, in sum, that these Defendants allowed unlicensed out-of-state security companies to conduct security operations in Louisiana in violation of Louisiana law; that they were complicit in the infringement of Plaintiffs trade name; that Plaintiffs complained to these Defendants to no avail; that Plaintiffs have been forced out business as a result of these Defendants alleged intentional and negligent acts and omissions, and illegally favored other security companies over Plaintiff because of skin color.

The action was filed in April 2007, and summons forms were issued to Plaintiffs' counsel for, among others, the Board and Rogillio. Rec. Doc. 2. On December 17, 2007, the Court issued an Order stating that service of the summons and the complaint had not been completed on the Board and Rogillio as directed by FRCP 4(m) within 120 days of the date of the filing of the complaint. Rec. Doc. 52. On December 20, 2007, Plaintiffs filed a return of summons forms providing that the Board and Rogillio were served via certified mail, on May 29, 2007. Rec. Docs. 54, 55. The summons return forms are executed by counsel for Plaintiffs, Jim Lawrence.

The Board and Rogillio filed the instant Motion in February 2008, requesting dismissal. First, these Defendants argue that proper service under the Federal Rules has not been accomplished upon them because personal or domiciliary service is required when a waiver of service has not been executed. Because they have not been served with the complaint and summons via personal service,

but only via certified mail, which is not sufficient, the Board and Rogillio request dismissal for failure to serve within in the 120 day period mandated by FRCP 4(m).  Second, and in the event the Court does not dismiss the action for failure to timely serve, these Defendants argue that the case against them should be dismissed because: (1) the Board and Rogillio are not persons subject to the remedies available to Plaintiffs under RICO or 42 USC §§ 1981, et seq.; (2) the Board and Rogillio have absolute immunity from suit; (3) the Board and Rogillio also have "quasi-judicial absolute immunity;" and (4) alternatively, the Board and Rogillio have qualified immunity.

Plaintiffs respond that even if their service by certified mail is technically deficient, service is still deemed completed because these Defendants have received actual notice of the suit, Defendants will suffer no prejudice from the failure of Plaintiffs to serve them personally because they have acknowledged receipt of summons and complaint via certified mail, and Plaintiffs will suffer prejudice if the suit is dismissed because Plaintiffs will not be able to re-file against these Defendants.  Plaintiffs also submit that their failure to serve properly is justified.  As to the substantive attacks on their allegations, Plaintiffs argue: (1) state government employees are subject to RICO and other federal statutes when their actions are for personal, rather than governmental, gain; (2) it is premature to decide the issue of 11th

Amendment immunity because discovery is needed to determine whether the Board is an arm of the state; (3) Rogillio, as a member of the Board, does not have 11th Amendment immunity; (4) the actions of the Board and Rogillio are not a "quasi-judicial function" but rather are "totally on the outside of their quasi judicial functions;" and (5) the actions of the Board and Rogillio were not legitimate or "objectively reasonable" and therefore, qualified immunity is inapplicable.

**II. LAW AND ANALYSIS**

Service on the Board and Rogillio are governed by FRCP 4(e) and 4(j), respectively. Those sections provide, in pertinent part:

> (e) Serving an Individual Within a Judicial District of the United States. Unless federal law provides otherwise, an individual--other than a minor, an incompetent person, or a person whose waiver has been filed--may be served in a judicial district of the United States by:
>
>> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>>
>> (2) doing any of the following:
>>
>>> (A) delivering a copy of the summons and of the complaint to the individual personally;
>>> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>>>
>>> (C) delivering a copy of each to an

>                    agent authorized by appointment or
>                    by law to receive service of
>                    process.
>
>       ...
>
>       (j) Serving a Foreign, State, or Local
>       Government.
>
>           ...
>
>           (2) State or Local Government. A state, a
>           municipal corporation, or any other
>           state-created governmental organization
>           that is subject to suit must be served
>           by:
>
>               (A) delivering a copy of the summons
>               and of the complaint to its chief
>               executive officer; or
>
>               (B) serving a copy of each in the
>               manner prescribed by that state's
>               law for serving a summons or like
>               process on such a defendant.

In Louisiana, service of citation or other process on an individual is made by personal or domiciliary service. LSA-CCP art. 1231. Service on the state of Louisiana or a state agency requires service of citation in accordance with the laws of Louisiana, namely personal and domiciliary service.

The executed summons returns filed by Plaintiffs' counsel into the record indicate that the complaint and summons were forwarded to these Defendants by certified mail. However, delivery of the complaint and summons by certified mail does not comport with Louisiana or Federal Law. FRCP 4(m) establishes the time limit for service of process and provides:

>       If service of the summons and complaint is not

5

> made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Here, there has been no proper service effected within 120 days of the date this action was filed and therefore, Defendants' Motion to Dismiss is granted and the action against these Defendants dismissed without prejudice.

While the federal rules allow Plaintiffs to submit a waiver of service form and a copy of the complaint to a defendant via first-class mail or other reliable means, such a mailing is not considered service under FRCP 4.  Judge Sear, faced with a similar issue in *Guidry v. American Cyanimid*, 1994 WL 279876 (E.D. La. 1994)(Sear, J), dismissed the action for failure to serve timely in accordance with Rule 4(m).  The plaintiffs in *Guidry* mailed waiver of service forms to the defendants requesting waiver within the applicable time period.  After that waiver period expired, plaintiffs failed to resort to the ordinary means for effecting service and also failed to request an extension to do so.  The court also found that plaintiffs offered no excuse for their dilatory conduct nor did they demonstrate "good cause" for failure to serve the five individual defendants.  *See also Bass v. Aeneas Williams Dealership*, 2006 WL 2038021 (W.D. La. 2006)(The court

found that delivering, via certified mail, a copy of the complaint was ineffective because it did not comply with the personal service requirements of the federal rule at issue or the Louisiana law. Because there was not a valid waiver filed and no evidence suggesting service was properly made within the Rule 4(m) deadline, the matter was dismissed with prejudice.)  Accordingly, Plaintiffs argument that their submission to these Defendants of the waiver of summons and complaint is sufficient to show service under the Federal Rules and Louisiana law is without merit.

Plaintiffs next argue that the Court should follow *Brinson v. United States of America*, 2005 WL 1155138 (E.D. La. 2005) (Lemelle, J) and find that this case deserves an exemption to the requirement of the Federal Rules. In *Brinson,* the plaintiffs acknowledged that they failed to comply with Rule 4(i)(1) and sent the summons and complaint to the United States via regular, as opposed to certified or registered mail. [1]  Plaintiffs request this Court follow the four-part test utilized in *Brinson* and excuse them from failing to properly serve these Defendants because the Defendants have notice of the suit when they received the certified mailing.

---

[1] In *Roach v. United States Air Force*, 1993 U.S. Dist. LEXIS 303, 1-2 (E.D.La. 1993) (Clement, J.) and *Curtis v. United States Postal Serv*., 1993 U.S. Dist. LEXIS 9949, 4 (E.D. La.1993) (Clement, J.), the court found that the rule governing service of process "should not be construed so narrowly or rigidly as to prevent relief from dismissal in every case in which a plaintiff's method of service suffers from a technical defect." To assist in its analysis, the court adopted four factors that must all be satisfied in order to make an exception to the requirements of the Federal Rules of Civil Procedure: "(1) The necessary parties in the government have actual notice of a suit; (2) The government suffers no prejudice from a technical defect in service; (3) There is justifiable excuse for the failure to serve properly; and (4) The plaintiff would be severely prejudiced if the complaint were dismissed." *See Roach*, 1993 U.S. Dist. LEXIS at 2; *Curtis*, 1993 U.S. Dist. LEXIS at 4-5.

*Brinson* does not assist Plaintiffs.  First, *Brinson* dealt with an entirely difference section of Rule 4.  Second, this Court in *Brinson* found that plaintiffs did not satisfy the four-part test because there was a significant difference in using the regular mail versus certified and registered mail as required by the Rules.[2]  Here, there is also a significant difference between using certified mail to notify a party that you want them to waive service and the rule that personal service of the summons and complaint is necessary.  Moreover, although it appears that these defendants had actual notice of the suit, they have not been properly served and thus, this Court has no jurisdiction over them.  Finally, Plaintiffs have not offered any justifiable excuse for failing to serve these Defendants properly despite being given over a year to do so.

Under Rule 4(m), a Court shall extend the time for service for an appropriate period if a party shows good cause for the failure.  Good cause appears to require at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice, and some showing of  good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified is normally required. *Purvis v. Jenkins*,

---

[2] The Court acknowledges that Rule 4 was amended in 1993 after the Roach and Curtis decisions were decided.  The Court makes no decision on whether the Roach and Curtis four-part test survived the revision because even if it did, Plaintiffs in this case would not be entitled to an exemption.

8

1998 WL 290212 (E.D. La. 1998)(Livaudais, J). (citations omitted). Neither inadvertence of attorney nor secretarial misdeed constitute good cause. *Id.* (citations omitted). Rule 4(m) does not preclude a defendant from moving to dismiss, or the district court from ordering dismissal, after service has been effected, if service was not made within 120 days and plaintiff has failed to show good cause for failure to effect timely service. *Id.* The fact that dismissal without prejudice would result in the action being time-barred as to the defendant dismissed is irrelevant to the district court's consideration of whether dismissal is proper under Rule 4(m). *Id.* The proper inquiry is whether the plaintiff has shown good cause for failing to effect timely service.

Plaintiffs' brief does not address the "good cause" inquiry but submits only that dismissal "based solely on technical defects in service causes an extreme hardship on plaintiffs in that they will not be able to re-file against these defendants." Rec. Doc. 101 at p. 5. As discussed supra, the fact that the action may be time-barred has no relevance on the Rule 4(m) good cause analysis. Further, the issue is more than one of a technical defect in service as Plaintiffs have failed to serve these Defendants in accordance with the Federal Rules and Louisiana law. Plaintiffs have put forth no other arguments on the "good cause" inquiry and the Court sees no reason to require these Defendants to hold out any longer to wait for proper service.

9

Accordingly,

**IT IS ORDERED** that Defendants' Motion to Dismiss (Rec. Doc. 69) is **GRANTED** and the Louisiana State Board of Private Security Examiners and Wayne R. Rogillio are hereby **DISMISSED WITHOUT PREJUDICE.**

New Orleans, Louisiana, 23rd day of July, 2008.

_____
**JUDGE IVAN LEMELLE
UNITED STATES DISTRICT JUDGE**