UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ABLE SECURITY AND PATROL, LLC<br>AND HENRY JOLLY | * | CIVIL ACTION NO. 07-1931 |
| Plaintiffs | * | SECTION: "B" |
| VERSUS | * | MAGISTRATE: 4 |
| STATE OF LOUISIANA, ET AL | * | |
| Defendants | * | |

* * * * * * * * * * * * * * * * *

## ANSWER ON BEHALF OF BLACKWATER SECURITY CONSULTANTS, LLC AND ERIK DEAN PRINCE

NOW INTO COURT, through undersigned counsel, come Defendants, Blackwater Security Consultants, LLC and Erik Dean Prince ("Blackwater") and in answer to Plaintiffs' First Amended and Supplemental Complaint, respond as follows:

### FIRST DEFENSE

Plaintiffs' complaint fails to state a claim upon which relief can be granted against Blackwater.

### SECOND DEFENSE

Specifically answering the allegations of Plaintiffs' First Amended and Supplemental Complaint, Blackwater responds as follows:

767145.1

1

I.

Defendants admit this Court has jurisdiction pursuant to 28 U.S.C. § 1331 (Federal Question) in response to paragraph 1 of Plaintiffs' First Amended and Supplemental Complaint. No answer is required by Defendants to the allegations contained in paragraph 2(a) of Plaintiffs' First Amended and Supplemental Complaint regarding jurisdiction as these claims have been dismissed in accordance with the Court's Order and Reasons of July 23, 2008 (Doc. 114); but, out of an abundance of caution same are hereby denied.

II.

Defendants' admit that venue of Plaintiffs' First Amended and Supplemental Complaint lies within this district in response to paragraph 3 of Plaintiffs' complaint. However, Defendants deny all remaining allegations contained within paragraphs 3(a), (b), (c), (d), and (e).

III.

In answer to paragraphs 4(a), (b), (c), (d), (e), (f), (g), (h), and 5 of Plaintiffs' First Amended and Supplemental Complaint, Defendants admit that the Court has jurisdiction over Plaintiffs' claims regarding the Fourteenth Amendment, 42 U.S.C. § 1983, 42 U.S.C. § 1985, and the Louisiana Unfair Trade Practice Act, but insofar as these allegations allege or imply any wrongdoing or liability on the part of these Defendants, Defendants deny all such allegations. No answer is required by Defendants to those claims dismissed by the Court's Order and Reasons of July 23, 2008 regarding the Fifth Amendment, 42 U.S.C. § 1981, Louisiana General Tort Law, Louisiana Civil Code Art. 2315, the Louisiana State Constitution, Louisiana Racketeering Act, and Louisiana Civil Code Art. 2324, but, out of an abundance of caution, same are hereby denied.

767145.1

IV.

Defendants deny the allegations contained in paragraph 6 of Plaintiffs' First Amended and Supplemental Complaint for lack of sufficient information to justify a belief therein.

V.

No answer is required by this defendant to the allegations set forth in paragraphs 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 19 (sic), and 20 of Plaintiffs' First Amended and Supplemental Complaint as these allegations are not directed to these Defendants, but, out of an abundance of caution, same are hereby denied for lack of sufficient information to justify a belief therein.

VI.

Defendants deny the allegations contained in paragraphs 21 and 22 of Plaintiffs' First Amended and Supplemental Complaint except to admit that they are residents of a State other than Louisiana.

VII.

No answer is required by these Defendants to paragraph 23 of Plaintiffs' First Amended and Supplemental Complaint as such allegations are not directed to these Defendants, but, out of an abundance of caution, same are hereby denied for lack of sufficient information to justify a belief therein.

VIII.

Defendants deny the allegations contained in paragraphs 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, and 39 (pp. 7-10) of Plaintiffs' First Amended and Supplemental Complaint for lack of sufficient information to justify a belief therein.

IX.

Defendants deny the allegations contained in paragraphs 40, 41, 42, 43, 44, 45, 46, 47, and 48 of Plaintiffs' First Amended and Supplemental Complaint for lack of sufficient information to justify a belief therein.

X.

Defendants deny the allegations contained in paragraph 49 of Plaintiffs' First Amended and Supplement Complaint.

XI.

No answer is required by these Defendants to the allegations contained in paragraph 50 of Plaintiffs' First Amended and Supplemental Complaint insofar as these allegations are directed against other parties, but, insofar as these allegations allege or imply any wrongdoing or liability on the part of Blackwater, Defendants deny all such allegations.

XII.

No answer is required by these Defendants to the allegations contained in paragraph 51 of Plaintiffs' First Amended and Supplemental Complaint insofar as these allegations are directed against other parties, but, insofar as these allegations allege or imply any wrongdoing or liability on the part of Blackwater, Defendants deny all such allegations.

XIII.

Defendants deny the allegations contained in paragraphs 52, 53, 54, and 55 of Plaintiffs' First Amended and Supplemental Complaint for lack of sufficient information to justify a belief therein.

XIV.

Defendants deny the allegations contained in paragraph 56 of Plaintiffs' First Amended and Supplemental Complaint for lack of sufficient information to justify a belief therein insofar as those allegations that are directed to co-defendants. Insofar as the allegations of paragraph 56 allege or imply any wrongdoing or liability on the part of Blackwater, Defendants deny all such allegations.

XV.

Defendants deny the allegations of paragraph 57 of Plaintiffs' First Amended and Supplemental Complaint for lack of sufficient information to justify a belief therein.

XVI.

Defendants deny the allegations contained in paragraph 58 of Plaintiffs' First Amended and Supplemental Complaint for lack of sufficient information to justify a belief therein insofar as those allegations are directed to co-defendants. Insofar as the allegations allege or imply any wrongdoing or liability on the part of Blackwater, Defendants deny all such allegations.

XVII.

Defendants deny the allegations contained in paragraph 59 of Plaintiffs' First Amended and Supplemental Complaint for lack of sufficient information to justify a belief therein.

XVIII.

Defendants deny the allegations contained in paragraph 60 of Plaintiffs' First Amended and Supplemental Complaint.

XIX.

In response to paragraph 61 of Plaintiffs' First Amended and Supplemental Complaint, Defendants aver that such allegations have been dismissed in accordance with the Court's Order and Reasons of July 23, 2008, but, out of an abundance of caution, same are hereby denied.

XX.

Defendants deny the allegations contained in paragraph 62 of Plaintiffs' First Amended and Supplemental Complaint for lack of sufficient information to justify a belief therein insofar as allegations are directed to co-defendants. Insofar as the allegations allege or imply any wrongdoing or liability on the part of Blackwater, Defendants deny all such allegations.

XXI.

Defendants deny the allegations contained in paragraphs 63, 64, 65, 66, and 67 of Plaintiffs' First Amended and Supplemental Complaint for lack of sufficient information to justify a belief therein.

XXII.

Defendants deny the allegations contained in paragraphs 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, and 82 of Plaintiffs' First Amended and Supplemental Complaint for lack of sufficient information to justify a belief therein.

XXIII.

Defendants deny the allegations contained in paragraph 83 of Plaintiffs' First Amended and Supplemental Complaint.

XXIV.

Defendants deny the allegations contained in paragraphs 84 and 85 of Plaintiffs' First Amended and Supplemental Complaint for lack of sufficient information to justify a belief therein.

XXV.

No answer is required by these Defendants to the allegations contained in paragraphs 86, 87, and 88 of Plaintiffs' First Amended and Supplemental Complaint, but, out of an abundance of caution, same are hereby denied for lack of sufficient information to justify a belief therein.

XXVI.

Defendants deny the allegations contained in paragraph 89, subparagraphs (a), (b), and (c) of Plaintiffs' First Amended and Supplemental Complaint.

XXVII.

In response to paragraphs 90 through 107 (pp. 20-25) of Plaintiffs' First Amended and Supplemental Complaint, Defendants aver that Plaintiffs' claim pursuant to the Racketeer Influenced and Corrupt Organization Act (RICO) has been dismissed with prejudice pursuant to the Court's Order and Reasons of July 23, 2008 and, thus, require no response by these Defendants. But, out of an abundance of caution insofar as these allegations allege or imply any wrongdoing or liability on the part of Blackwater in connection with Plaintiffs' remaining claims, Defendants deny all such allegations.

XXVIII.

In response to Plaintiffs' supplemental and amending RICO case statement as set for in Plaintiffs' First Amended and Supplemental Complaint, (pp. 25-45), Defendants aver that these allegations have been dismissed with prejudice pursuant to the Court's Order and Reasons of

767145.1

July 23, 2008 and do not require a response by these Defendants. However, insofar as Plaintiffs' supplemental and amending RICO case statement allege or imply any wrongdoing or liability on the part of these Defendants regarding Plaintiffs' remaining claims, Defendants deny all such allegations.

XXIX.

In response to Count I – RICO of Plaintiffs' First Amended and Supplemental Complaint, (pp. 45-52), Defendants aver that Plaintiffs' RICO claim has been dismissed with prejudice pursuant to the Court's Order and Reasons of July 23, 2008 and require no answer by these Defendants. Insofar as the allegations contained in Count I allege or imply any wrongdoing or liability on the part of these Defendants in connection with any of Plaintiffs' remaining claims, Defendants deny all such allegations.

XXX.

Defendants deny the allegations contained in Count II – The Conspiracy, paragraphs 116 and 117 (pp. 52 – 53) of Plaintiffs' First Amended and Supplemental Complaint.

XXXI.

In response to the allegations contained in Count III, paragraphs 118, 119, and 120 of Plaintiffs' First Amended and Supplemental Complaint, Defendants aver that Plaintiffs' allegations related to Fifth Amendment claims have been dismissed with prejudice pursuant to the Court's Order and Reasons of July 23, 2008. Defendants deny all remaining allegations under the Fourteenth Amendment contained in paragraphs 118, 119, and 120 of Count III (p. 53).

XXXII.

Defendants deny the allegations contained in Count IV, paragraphs 121, 122, and 123 of Plaintiffs' First Amended and Supplemental Complaint.

767145.1

XXXIII.

In response to Count V, paragraphs 124, 125, and 126 (p. 54) of Plaintiffs' First Amended and Supplemental Complaint, Defendants aver that all claims pursuant to 42 U.S.C. § 1981 have been dismissed with prejudice pursuant to the Court's Order and Reasons of July 23, 2008. Defendants deny all remaining allegations of paragraphs 124, 125, and 126 as they relate to 42 U.S.C. §§ 1983 and 1985.

XXXIV.

In response to Count VI, paragraphs 127, 128, and 129 (p. 54) of Plaintiffs' First Amended and Supplemental Complaint, Defendants aver that Plaintiffs' allegations related to Louisiana Racketeering Act have been dismissed with prejudice pursuant to the Court's Order and Reasons of July 23, 200 and, thus, do not require a response by these Defendants. However, insofar as these allegations allege or imply any wrongdoing or liability on the part of these Defendants as to any remaining claims, Defendants deny all such allegations.

XXXV.

Defendants deny the allegations contained in Count VII, paragraphs 130, 131, and 132 (p. 55) of Plaintiffs' First Amended and Supplemental Complaint.

XXXVI.

In response to Count VIII, paragraphs 133, 134, 135, and 136 (pp. 55–56) of Plaintiffs' First Amended and Supplemental Complaint, Defendants aver that all claims under Louisiana General Tort Law have been dismissed with prejudice pursuant to the Court's Order and Reasons of July 23, 2008. Nevertheless, insofar as the allegations contained in Count VIII allege or imply any wrongdoing or liability on the part of Blackwater as to any remaining claims, Defendants deny all such allegations.

767145.1

9

XXXVII.

In response to Count IX, Negligent and Intentional Misrepresentation, paragraphs 137, 138, 139, 140, 141, 142, 143, 144, 145, 146, 147, and 148 (pp. 56-58) of Plaintiffs' First Amended and Supplemental Complaint, Defendants aver that all Louisiana Tort Law claims have been dismissed with prejudice pursuant to the Court's Order and Reasons of July 23, 2008. Insofar as the allegations of Count IX allege or imply any wrongdoing or liability on the part of Blackwater as to any remaining claims, Defendants deny all such allegations.

XXXVIII.

Defendants deny the allegations of Count X, paragraphs 149, 150, 151, 152, and 153 (p. 58) of Plaintiffs' First Amended and Supplemental Complaint.

XXXIX.

Defendants deny Plaintiffs' prayer for relief and deny that Plaintiffs are entitled to any judgment, recovery, relief, or monetary damages whatsoever against these Defendants.

AND NOW, setting forth affirmatively its defenses, Defendants further state:

### THIRD DEFENSE

Defendants allege and aver that any damages and/or losses sustained by Plaintiffs or caused by Plaintiffs own acts, omissions, fault, and/or wrongful conduct and recovery herein is defeated or mitigated by virtue of said contributory and/or comparative fault.

### FOURTH DEFENSE

Defendants allege and aver that Plaintiffs have failed to mitigate their damages and recovery herein is, therefore, defeated or reduced.

### FIFTH DEFENSE

Plaintiffs' claims are barred and/or reduced by their own fault and/or wrongful conduct.

767145.1

## SIXTH DEFENSE

Plaintiffs' damages, if any, were solely the fault of others for whom these defendants are not responsible and cannot be held liable.

## SEVENTH DEFENSE

Defendants allege and aver that at all relevant times Defendants complied with all federal, state, and local laws, rules, regulations, and statutes.

## EIGHTH DEFENSE

Defendants specifically allege and aver that they are not state actors and were not clothed with authority of state law with regard to anything done with or by the Louisiana State Board of Private Security Examiners and did not cause Plaintiffs' alleged deprivation of rights for equal protection and due process under law.

## NINTH DEFENSE

Defendants specifically allege and aver that there was no agreement between these defendants and any public defendants or state actors.

## TENTH DEFENSE

Defendants specifically deny that they acted in concert or conspired or participated with any state actors to deprive Plaintiffs of any constitutional or civil rights.

## ELEVENTH DEFENSE

At all relevant times, Defendants conducted its business activities with good faith and fair dealing, honestly, ethically, and in accordance with state, federal, and local laws, regulations and statutes.

## TWELFTH DEFENSE

At all relevant times herein, Defendants exercised sound business judgment and practices in all their business activities.

## THIRTEENTH DEFENSE

Defendants allege and aver that Plaintiffs have failed to follow the requirements of the Louisiana Unfair Trade Practices Act (LUTPA).

## FOURTEENTH DEFENSE

Defendants specifically allege and aver that they had no intent to harm any competition, including the Plaintiffs.

## FIFTEENTH DEFENSE

Defendants request a trial by jury on all issues.

WHEREFORE, Defendants, Blackwater Security Consultants, L.L.C. and Erik Dean Prince pray that this answer be deemed good and sufficient and that after all legal delays and due proceedings are had, there be judgment in favor of Defendants, Blackwater Security Consultants, L.L.C. and Erik Dean Prince and against Plaintiffs, Able Security and Patrol, LLC and Henry Jolly, dismissing Plaintiffs' suit with prejudice at Plaintiffs' costs and for all such other general and equitable relief as the nature of the case permits.

Respectfully submitted,

/s/ Mindy Brickman Patrón
MINDY BRICKMAN PATRÓN (#23891)
DEBORAH A. VAN METER (#18479)
MCGLINCHEY STAFFORD, PLLC
643 Magazine Street
New Orleans, Louisiana 70130
Telephone: (504) 586-1200
Facsimile: (504) 596-2864

ATTORNEYS FOR DEFENDANTS,
BLACKWATER SECURITY CONSULTING, LLC
AND ERIK DEAN PRINCE

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 4, 2008, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record herein.

/s/ Mindy Brickman Patrón
MINDY BRICKMAN PATRÓN

767145.1