## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ABLE SECURITY AND PATROL, LLC AND HENRY JOLLY** | **CIVIL ACTION** |
| **VERSUS** | **NO. 07-1931** |
| **STATE OF LOUISIANA, ET AL** | **SECTION: "B"(4)** |

### ORDER AND REASONS

Before the Court is Defendant Walter D. Roberts' Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(5) for Plaintiffs' failure to serve within the 120-day period designated by Fed. R. Civ. P. 4(m) or within the extended time allowed by the Court. (Rec. Doc. 145). After review of the pleadings and applicable law, and for the reasons that follow,

**IT IS ORDERED** that Defendant's Motion to Dismiss is **GRANTED.**

### BACKGROUND

Plaintiffs, Able Security & Patrol, LLC and Henry Jolly, originally filed this action against multiple defendants on April 17, 2007, alleging Defendants committed state law torts, and violated the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961, et seq., Plaintiff's rights under the Fourteenth Amendment, Plaintiff's civil rights under 42 U.S.C. §§ 1983, 1985, and the Louisiana Constitution. (Rec. Doc. 1-3).

Summons were issued to the Defendants on April 19, 2007, and in September 2007, Plaintiffs requested additional time to accomplish service on Defendants Able Security & Investigations of Louisiana, LLC and Walter Roberts (hereafter collectively referred

to as Defendants). (Rec. Doc. 34). On December 5, 2007, the Court granted Plaintiffs an additional thirty days to accomplish service. (Rec. Doc. 50). Defendants filed a joint Motion to Dismiss for Insufficient Service of Process under Fed. R. Civ. P. 12(b)(5) on April 22, 2008, and a Court order on October 2, 2008 directed Plaintiffs to serve Defendants on or before October 30 or face dismissal of the suit without further notice. (Rec. Doc. 126).

The motion before the court was filed on November 10, 2008, requesting dismissal of Defendant Walter Roberts pursuant to Fed. R. Civ. P. 12(b)(5). Movant claims that sufficient service was not effected within the time allowed under Fed. R. Civ. P. 4(m) or in accordance with the Court's second extension for service ordered in October of 2008. (Rec. Doc. 145). Plaintiffs counter these assertions by claiming that the complaint, summons, and waiver of service were delivered to both parties via certified mail on October 25, 2007, and submit a certified mail return receipt card showing that the documents were received by an individual at the offices of Defendant Able Security and Investigations, LLC in Dallas, Texas. (Rec. Doc 153). Additionally, Plaintiffs claim that service was attempted via certified mail on Defendant Able Security and Investigation, LLC's Louisiana office in Baton Rouge, but was refused. (Rec. Doc. 153).

Plaintiffs also submit a letter from Defendant's counsel dated October 26, 2007, in which Defendant's attorney stated that service

was not accomplished and that Defendants would not waive service. (Rec. Doc. 153). In opposition to Defendant Roberts' 12(b)(5) motion, Plaintiffs claim that this letter indicates that Roberts received the documents and had notice by the admission of his counsel, and assert that the Defendant Walter Roberts should be recognized as served. (Rec. Doc. 153). Plaintiffs also request that service be held open on Roberts until he is located. (Rec. Doc. 153).

## DISCUSSION

The procedure for accomplishing service on an individual is found at Fed. R. Civ. P. 4(e) and provides:

> (e) Serving an individual within a Judicial District of the United States. Unless federal law provides otherwise, an individual--other than a minor, an incompetent person, or a person whose waiver has been filed--may be served in a judicial district of the United States by:
>
> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
>
> > (A) delivering a copy of the summons and of the complaint to the individual personally;
> > (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or

3

> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

In Louisiana, service of citation or other process is made by personal or domiciliary service. LSA-CCP Art. 1231. Additionally, Fed. R. Civ. P. 4(c) provides that service of the summons and complaint may be effectuated by anyone who is at least 18 years old and not a party to the case. Fed. R. Civ. P. 4(c)(2). Both Louisiana and federal law require personal service.

Fed. R. Civ. P. 4(m) requires that the defendants be served within 120 days after the filing of the complaint, and provides that extensions must be granted by the court, on its own initiative or by motion, if the plaintiffs can show good cause for a failure to serve within the specified period. Fed. R. Civ. P. 4(m).

A plaintiff may request a waiver of service by notifying a defendant of the commencement of the action and requesting that the defendant waive service of summons pursuant to Fed. R. Civ. P. 4(d). The request for waiver must be sent by mail or other reliable means and must include a prepaid means of compliance and the date on which the request was sent. Fed. R. Civ. P. 4(d). The defendant is allowed a "reasonable time" to return the waiver, defined as at least thirty days for defendants within the United States. *Id*.

Forwarding a request for waiver of service via certified mail to a defendant who declines to waive is not sufficient service under Fed. R. Civ. P. 4. *Guidry v. American Cyanimid Co.,* 1994 WL

4

279876, *1-2 (E.D. La. 1994). In *Guidry*, the plaintiffs mailed waiver of service forms to the individual defendants requesting service within the applicable time period. After the expiration of the thirty day waiver period, the plaintiffs did not attempt to accomplish service by the ordinary means and did not file for an extension to do so. The court granted defendant's Motion to Dismiss for Insufficient Service pursuant to Fed. R. Civ. P. 4(m) after finding that service was not properly made and that there was not good cause for failure to timely serve. *Id.* at *2.

The plaintiffs carry the burden of proving good cause for their failure to effect timely service. *Gitz v. St. Tammany Parish Hospital*, 125 F.R.D. 138, 138 (E.D. La. 1989). Although Fed. R. Civ. P. 4(m) provides a mandatory extension of the time for service if plaintiff shows good cause for the failure to serve, good cause requires a showing of good faith on the part of the party seeking an extension and some reasonable basis for non-compliance within the specified time period. *Purvis v. Jenkins*, 1998 WL 290212, at *2 (E.D. La. 1998)(*citing Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304, 1306 (5th Cir. 1985). Good cause for the delay is established when the plaintiff makes a good faith attempt to effectuate service of process, but the service nevertheless fails to satisfy all the requirements set forth in the applicable rule. *Chilean Nitrate Corp. v. M/V Hans Leohardt*, 810 F. Supp. 732, 735 (E.D. La. 1992).

5

Although Plaintiffs forwarded the complaint, summons, and waiver of service form via certified mail in accordance with Fed. R. Civ. P. 4(d), there is no evidence that Plaintiffs attempted personal service on Walter Roberts. Furthermore, Plaintiffs do not assert that they attempted personal service upon Walter D. Roberts by a duly authorized process server as Plaintiffs were ordered to do by this Court on October 2, 2008. (Rec. Doc. 126). Plaintiffs state that they were not given Roberts' address at the October hearing and that they do not have his current address. (Rec. Doc. 153). However, Plaintiffs do not state what efforts, if any, Plaintiffs made to obtain this information. Roberts' counsel informed Plaintiff's counsel that his client would not waive service on October 26, 2007. Plaintiffs assert that the certified mail receipt verifying the delivery of the summons, complaint, and waiver of service to Defendant Able Security and Investigations, LLC's office and counsel's confirmation that these items were received is sufficient to accomplish service. (Rec. Doc. 153).

Plaintiffs in the present case have been granted two extensions to accomplish personal service on Defendant Walter Roberts, and they have failed to do so. Plaintiffs claim that Defendant Roberts is evading service, but provide no evidence to substantiate the allegation. Plaintiffs submit that they have mailed a copy of the summons, complaint, and waiver of service to Walter Roberts to the addresses listed for Defendant Able Patrol &

Investigations, LLC in both Louisiana and Texas, but have not personally served Defendant Walter Roberts. Contrary to Plaintiffs' assertions, the forwarding of the summons, complaint, and waiver of service via certified mail to Defendant Able Security and Investigations of Louisiana, LLC's office in Texas, the confirmation of receipt by Defendant' counsel, and Roberts' refusal to waive service does not constitute sufficient service of process on an individual under Fed. R. Civ. P. 4(e). Accordingly,

**IT IS ORDERED** that Defendant Walter D. Roberts is **DISMISSED without prejudice**.

New Orleans, Louisiana, this 25th day of June, 2009.

_____
IVAN L.R. LEMELLE
UNITED STATES DISTRICT JUDGE