## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ABLE SECURITY AND PATROL, LLC,** **AND HENRY JOLLY** | **CIVIL ACTION** |
| **VERSUS** | **NO. 07-1931** |
| **STATE OF LOUISIANA, ET AL.** | **SECTION "B" (4)** |

### ORDER AND REASONS

Before the Court is Defendant Able Security and Investigations of Louisiana, LLC's FED. R. CIV. P. 12(b)(6) Motion to Dismiss Plaintiffs' claims under 42 U.S.C. §§ 1983, 1985, the Fourteenth Amendment to the U.S. Constitution, the Louisiana Unfair Trade Practices Act ("LUTPA"), and LSA-R.S. 51:222-23, Louisiana trade name infringement statutes. (Rec. Doc. 155). After review of the pleadings and applicable law, and for the reasons that follow,

**IT IS ORDERED** that Defendant's Motion is **DENIED**.

### BACKGROUND

Plaintiffs, Able Security and Patrol, LLC ("Able Patrol") and Henry Jolly, originally filed this action on April 17, 2007, alleging that multiple private defendants, the Louisiana State Board of Private Security Examiners ("LSBPSE"), and the executive secretary of the LSBPSE, Wayne Rogillio, violated the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961, et seq., Plaintiffs' rights under the Fourteenth Amendment, Plaintiffs' civil rights under 42 U.S.C. §§ 1983, 1985, the Louisiana Constitution, and LUTPA. (Rec. Doc. 1-3). On February 2,

2008, Plaintiffs filed their First Amended Complaint restating all prior allegations and additionally claiming violations of the Fifth Amendment to the U.S. Constitution and 42 U.S.C. § 1981. (Rec. Doc. 65). Plaintiffs' claims under the Fifth Amendment and 42 U.S.C. § 1981 against multiple security companies and the State of Louisiana and RICO claims against the security companies were dismissed on July 23, 2008. (Rec. Doc. 114). Defendants Wayne Rogillio and the LSPBSE were dismissed without prejudice by an order of this Court filed July 30, 2008. (Rec. Doc. 115).

Defendant Able Security and Investigations ("Able Investigations"), LLC filed this Motion to Dismiss the remaining claims under 42 U.S.C. §§ 1983, 1985, the Fourteenth Amendment, the LUTPA, and Louisiana Trade Name statutes on December 1, 2008. (Rec. Doc. 155). Plaintiffs subsequently filed a Second Amended Complaint on December 2, 2008, further claiming Defendant violated Louisiana trademark and licensing statutes. (Rec. Doc. 158).

Plaintiffs' claims arise out of allegations that multiple out-of-state private security companies, including Defendant Able Investigations, illegally operated in Louisiana in the aftermath of Hurricane Katrina and conspired with the LSBPSE to deprive Plaintiffs of their equal protection and due process rights based on race. *Id.* Plaintiffs claim Defendant filed a false application for a company license, deceived clients by posing as Plaintiffs, converted contracts with Plaintiffs' clients after Hurricane

2

Katrina, illegally received and negotiated security service proceeds belonging to Plaintiffs, and illegally profited from the use of Plaintiffs' business reputation. (*Id.* at 21, ¶ 115). Plaintiffs further claim Defendant violated La. Rev. Stat. Ann. §§ 37 and 46, pertaining to security officer registration, training, and uniforms. *Id.* Plaintiffs also allege that Defendants violated the LUTPA by engaging in unfair and deceptive trade practices, specifically by violating Plaintiffs' trademark and licensing rights under Louisiana law. (*Id.* at 26. ¶¶ 149-53).

Plaintiffs also claim that the LSBPSE attempted to deny Plaintiffs the right to operate by misrepresenting Plaintiffs' insurance coverage status, harassing Plaintiffs with frivolous orders to cease and desist operations due to insufficient insurance coverage, and ignoring Plaintiffs' requests to recognize them as owners of the trade name "Able Security." (*Id.* at 15-6, ¶¶ 69-86). Plaintiffs further claim that the LSBPSE was complicit in Defendant's violation of Louisiana state trade and business law. *Id.* Plaintiffs assert that Defendant operated in Louisiana without a proper license, alleging the LSBPSE favored Defendant based on race and/or ties to board members and conspired with Defendant to deny Plaintiffs' right to operate based on race in violation of the due process and equal protection rights under the Fourteenth Amendment and 42 U.S.C. §§ 1983, 1985. (*Id.* at 12, ¶ 50).

# DISCUSSION

## A. Fed. R. Civ. P. 12(b)(6) Motion to Dismiss Standard

Dismissal pursuant to Fed. R. Civ. P. 12(b)(6) "is viewed with disfavor and is rarely granted." *Lowrey v. Texas A&M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997). Courts evaluating a Rule 12(b)(6) Motion to Dismiss must accept all well-pleaded allegations as true, and resolve all doubts in favor of the plaintiff. *Tanglewood East Homeowners v. Charles-Thomas, Inc.*, 849 F.2d 1568, 1572 (5th Cir. 1988). The Court cannot dismiss a complaint under Rule 12(b)(6) unless it appears beyond doubt that the plaintiff cannot prove a plausible set of facts in support of his claim which would entitle him to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 561-63 (2007).\

## B. The 42 U.S.C. § 1983 Claim

The civil rights protection under 42 U.S.C. § 1983 provides a remedy when federal rights are deprived by the operation of state law, and states in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

To state a cause of action under 42 U.S.C. § 1983, a plaintiff must allege (1)that he was deprived of a constitutionally granted right; and (2)that the defendant acted under color of any statute of any state. *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 150 (1970). A private actor may be liable under 42 U.S.C. § 1983 if he was a "willful participant in joint activity with the State or its agents." *Id*. at 152. To support claims for conspiracy between private and state actors to violate civil rights, the plaintiff must allege (1) an agreement between the private and public defendants to commit an illegal act; and (2) a deprivation of constitutional rights. *Cinel v. Connick,* 15 F.3d 1338, 1342 (5th Cir. 1989).

For a private party to act under color of state law, its actions must be fairly attributable to the state. *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). Actions fairly attributable to the state are those which are caused by the exercise of some right or privilege created by a state, by a rule of conduct imposed by the state, or by a person for whom the State is responsible, and the party charged with deprivation of the constitutional right must be a state actor. *Id.* A state actor may be a state official or a private party who acts together or obtains significant aid from a state official. *Id.*

The focus of the inquiry into whether a private party can be subjected to constitutional liability under 42 U.S.C. § 1983 is

5

whether "such a close nexus between the state and the challenged action" exists "that seemingly private behavior may be fairly treated as that of the State itself." *Brentwood Acad. v. Tennessee Secondary Sch. Athletic Assoc.*, 531 U.S. 288, 295 (2001). The determination whether private conduct bears a sufficiently close nexus to the state is highly circumstantial. *Id.* at 295-96. Whether the conduct of private parties constitutes state action depends upon the specific facts and circumstances surrounding the challenged action. *Albright v. Longview Police Dept.*, 884 F.2d 835, 838 (5th Cir. 1989). Allegations that are merely conclusory, without reference to specific facts, will not suffice to state a claim under 42 U.S.C. § 1983. *Brinkman v. Johnston*, 793 F.2d 111, 113 (5th Cir. 1986).

In the Second Amended Complaint, Plaintiff states: "the defendants conspired, confederated, and agreed among themselves to deprive claimants of their rights to equal protection and due process under federal law... and to deprive them of their rights under state law and regulation." (Rec. Doc. 158 at 23, ¶ 116). Plaintiffs allege that Defendant conspired with and acted in concert with the LSBPSE to deprive them of their equal protection and due process rights based on race. (*Id.* at 24, ¶ 122).

Plaintiffs claim that the LSBPSE, and specifically Wayne Rogillio, issued illegal cease and desist orders, threatened legal action, and required documentation of insurance and other items

6

that were previously provided by Plaintiff. (*Id.* at 12, ¶ 57). Plaintiffs allege that other security companies were not required to provide this information, and that the LSBPSE and Wayne Rogillio used their official positions to favor and allow illegal and unlicensed "white" security companies, including Defendant, to operate in Louisiana, thereby denying the Plaintiffs' right to operate based on race. (*Id.* at 12-13, ¶ 59). These allegations present specific facts that are not merely conclusory and are sufficient to state a cause of action under 42 U.S.C. § 1983.

To state a claim under 42 U.S.C. § 1983 against a private actor, the Plaintiff must allege: (1)that there was a violation of a constitutional right; (2)that the private actor was willful participant in a joint activity with the State or its agents; and (3)that the private and public defendants agreed to commit an illegal act depriving the Plaintiff of a constitutional right. *Adickes,* 398 U.S. at 150, 152; *Cinel*, 15 F.3d at 1342. Additionally, the private actor's conduct must be: (1)attributable to the state through a right or privilege created by a state, by a rule of conduct imposed by the state; and (2)the party charged with the deprivation of the constitutional right must be a state actor, which may be a private party who acts together or obtains significant aid from a state official. *Lugar*, 457 U.S. at 937.

In the present case, Plaintiffs have alleged a deprivation of their constitutional rights of due process and equal protection

7

because of a conspiracy between Defendant and the LSBPSE and Wayne Rogillio to deny their right to operate based on race. (Rec. Doc. 158 at 12-13, ¶ 59). Plaintiffs claim that the LSBPSE allowed Defendant to illegally operate in Louisiana without a license and was complicit in Defendant's alleged violations of unfair trade statutes. *Id.* Plaintiffs assert that these actions constitute the exercise of state authority and therefore make Defendant constitutionally liable for the civil rights violations. *Id.* Plaintiffs state that "Defendants' actions, separately and in concert, damage claimants' reputation among its clients and others, deprived claimants of jobs and fees for services rightfully theirs, injured claimants in their future business and caused claimants to incur expenses, fees, costs, and suffer emotional harm." (Id. at 13, ¶ 61).

Defendant argues that Plaintiffs have not pled any specific facts to support their claim, and therefore the Court should dismiss the cause of action. (Rec. Doc. 155-2). However, Plaintiffs' allegations, accepted as true for the purposes of this Motion to Dismiss, state specific facts as opposed to mere conclusory allegations that Defendant acted under the color of a state statute to deprive Plaintiffs of a constitutionally granted right, and are sufficient to state a claim against Defendant for violations of Plaintiffs' civil rights under 42 U.S.C. § 1983.

**C. The 42 U.S.C. § 1985 Claim**

Plaintiffs can state a cause of action under 42 U.S.C. § 1985 by alleging they were injured as a result of a conspiracy to interfere with their civil rights. *Holdiness v. Stroud*, 808 F.2d 417, 424-425 (5th Cir. 1987). Subsection three of 42 U.S.C. § 1985 is applicable in the present case and provides:

> If two or more persons in any State or Territory conspire or go in disguise on the highway or on the premises of another, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the laws . . . in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

To state a claim under 42 U.S.C. § 1985(3), Plaintiffs must allege: (1) the defendants conspired; (2) for the purposes of depriving, either directly or indirectly, any person or class of person of the equal of protection of the laws, or of equal privileges and immunities under the laws; and (3) one or more of the conspirators committed some act in furtherance of the

9

conspiracy; whereby (4) another is injured in his person or property or deprived of having and exercising any right or privilege of a citizen of the United States; and (5) the action of the conspirators is motivated by racial animus. *Wong v. Stripling*, 881 F.2d 200, 202-203 (5th Cir. 1989). Plaintiffs must plead the operative facts upon which their claim is based, and equal specificity is required when a charge of conspiracy is made. *Holdiness*, 808 F.2d at 424. (citations omitted).

Under Count III of the Second Amended Complaint, Plaintiffs allege Defendant conspired to deprive them of equal protection and due process, claiming that the private defendants conspired with the LSBPSE to deprive the Plaintiffs of their rights. (Rec. Doc. 158 at 25, ¶ 125). Plaintiffs allege overt acts in furtherance of the conspiracy, claiming Defendant posed as Plaintiff to gain a business advantage and that the LSBPSE allowed Defendant to illegally operate in Louisiana and harassed Plaintiff with frivolous legal action. (*Id.* at 10-11, ¶¶ 50, 51, 55). Plaintiffs further allege that Defendant's actions caused a loss of profits, income, reputation, and property, and also caused mental and emotional pain and suffering. (*Id.* at 25, ¶ 126). Plaintiffs' claim that the conspiracy was motivated by racial animus, and that the LSBPSE favored white, unlicensed, out-of-state private security companies, including Defendant, over the minority Plaintiff. (*Id.* at 12-13, ¶ 59).

Defendant asserts that Plaintiffs have not pleaded any specific facts to support their claim, and therefore the Court should dismiss the cause of action. (Rec. Doc. 155-2). However, Plaintiffs' allegations are taken as true for the purposes of this Motion to Dismiss, fulfill all five requirements to state a claim under 42 U.S.C. § 1985(3), and are sufficient to state a claim against the Defendant for violations of Plaintiffs' civil rights.

**D.    The Fourteenth Amendment Claim**

Plaintiffs must allege significant state involvement in order to bring an otherwise private concern within the ambit of the Fourteenth Amendment. *Fulton v. Hecht*, 545 F.2d 540, 541 (5th Cir. 1977). The mere fact that a private business is subject to state regulation does not automatically convert its action into that of the state for the purposes of the Fourteenth Amendment. *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 350 (1974). The Fourteenth Amendment protection invoked under 42 U.S.C. § 1983 operates to prevent deprivation of rights secured by the Constitution and laws only when state action or action taken under color of state law is present. *Fulton,* 545 F.2d at 542.

Defendant asserts that it is a private entity, and therefore immune from the restrictions of the Fourteenth Amendment. (Rec. Doc. 155-2). Defendant also asserts that Plaintiffs have not pled any specific facts concerning the alleged relationship between Defendant and the LSBPSE that constitutes "significant state

11

involvement" and could make the Defendant liable for the alleged Fourteenth Amendment violation. *Id*. For the same reasons discussed in the section of this memo related to Plaintiffs' 42 U.S.C. § 1983 claim, Plaintiffs have sufficiently alleged state action to state a claim against the Defendant under the Fourteenth Amendment.

**E.   The LUTPA Claim**

The Louisiana Unfair Trade Practices Act makes illegal all unfair or deceptive acts or practices in the conduct of any trade or commerce. LSA-R.S. 51:1401, *et seq*. To constitute violations of the LUTPA, actions must have been taken with the specific purpose of harming the competition. *SDT Industries, Inc. V. Leeper*, 793 So.2d 327, 333 (La. App. 2 Cir. 1988).

Louisiana courts have defined unfair practices as those which offend "established" public policy and are "immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers." *Monroe Medical Clinic, Inc. v. Hospital Corp. of America*, 522 So.2d 1362, 1365 (La. App. 2 Cir. 1988). A trade practice is deceptive "when it amounts to fraud, deceit, or misrepresentation." *Jefferson v. Chevron U.S.A. Inc.*, 713 So.2d 785, 793 (La. App. 4th Cir. 1998). What constitutes deceptive trade practices prohibited by the LUTPA is determined on a case-by-case basis. *Id.* at 792.

In Count V of the Second Amended Complaint, Plaintiffs claim Defendant engaged in unfair and deceptive trade practices for the purpose of putting Plaintiffs out of business. (Rec. Doc. 158 at

26, ¶¶ 149-53). Specifically, Plaintiffs allege that Defendant deceived Plaintiffs' clients and competitors and made representations to make them think that they actually were the Plaintiffs or were affiliated with the Plaintiffs. (*Id*. at 11, ¶¶ 55). Plaintiffs claim that they were informed of Defendant's allegedly deceptive practices by clients, relocated security officers, and competitors operating in Louisiana. (*Id.* at 13-14, ¶ 64). Plaintiffs claim that these Defendant's actions damaged their reputation, took their business, libeled and slandered their company, and violated federal and state law. (*Id.* at 17, ¶ 84).

Defendant asserts that Plaintiffs have not pled specific facts which would entitle them to recovery under the LUTPA. (Rec. Doc. 155-2). Plaintiffs, however, have alleged that Defendant knowingly misrepresented and deceived Plaintiffs' clients and competitors for the purpose of putting the Plaintiffs out of business. Plaintiffs' allegations of Defendant's intentional misrepresentation and deceptive trade practices are taken as true for the purposes of this motion to dismiss, and Plaintiffs sufficiently stated a claim under LSA-R.S. 51:1401, *et seq*.

**F.    The Trade Name Infringement Claim**

In Louisiana, trade name infringement claims fall under the law of unfair competition contained in LSA-R.S. 51:211, *et seq*. LSA-R.S. 51:222-23 provides, in pertinent part:

> Any person who shall:

13

(1) Use, without the consent of the registrant, any reproduction, counterfeit, copy, or colorable imitation of a mark registered under this Sub-part in connection with the sale, offering for sale, or advertising of any goods or services on or in connection with which such use is likely to cause confusion or mistake or to deceive as to the source of origin of such goods or services; or

(2) Reproduce, counterfeit, copy or colorably imitate any such mark and apply such reproduction, counterfeit, copy or colorable imitation to labels, signs, prints, packages, wrappers, receptacles, or advertisements intended to be used upon or in conjunction with the sale or other distribution in this state of such goods or services;

shall be liable to a civil action by the owner of such registered mark for any or all of the remedies provided in this Sub-part, except that under Subsection B hereof the registrant shall not be entitled to recover profits or damages unless the acts have been committed with knowledge that such mark is intended to be used to cause confusion or mistake or to deceive.

Under the Louisiana law of unfair competition, trade names are accorded the same protection as trademarks. *Gulf Coast Bank v. Gulf Coast Bank & Trust Co.*, 652 So.2d 1306, 1311 (La. 1995). A trade name is defined as a word, name, symbol, device or any combination thereof used by a person to identify his business, vocation or occupation and distinguish it from the business, vocation or occupation of others. LSA-R.S. 52:211(D). Although trade names are

14

not subject to a technical trademark, they are protected against unfair use, simulation, or imitation. *New Orleans Checker Cabs v. Mumphrey*, 18 So.2d 629, 633 (La. 1944).

The registration of a trade name with the secretary of state is prima facie evidence of a registrant's ownership and his procedural right to enjoin the use of the name. *Gallo v. Safeway Brake Shops of La., Inc.*, 140 So.2d 912, 915 (La Ct. App. 4 Cir. 1962). The registration of a trade name is effective for ten years from the date of registration and may be renewed after the duration of this period. LSA-R.S. 51:216(A)(1).

In the Second Amended Complaint, Plaintiffs allege Defendant appropriated their registered trade name and intentionally posed as Plaintiffs' company to gain a business advantage and profit from Plaintiffs' reputation, thereby causing confusion under the Louisiana trade name infringement statute. (Rec. Doc. 158 at 17-18, ¶¶ 87-89). Plaintiffs further claim that the trade name "Able Security" was registered with the Louisiana Secretary of State for the period beginning May 1, 2001, and that the trade name cannot be used without Plaintiffs' written consent from the period beginning May 1, 2001 and continuing for ten years. (*Id*. at 14, ¶ 67).

In opposition, Defendant asserts that the Louisiana Secretary of State records show the registration date of Plaintiff's trade name was May 17, 2006. (Rec. Doc. 155-2). Defendants state that Plaintiffs have no standing to file this claim because their trade

name was not registered at the time the alleged infringing conduct began in the wake of Hurricane Katrina in 2005. *Id*. Defendant further claims all business activity in Louisiana was completed by June of 2006, and that dismissal is proper because there is no activity to enjoin. *Id*.

Although Defendant states that the Louisiana Secretary of State records show Plaintiffs' trade name registration date to be May 17, 2006, Defendant provides no evidence to substantiate this claim. Plaintiff' claims that the trade name "Able Security" was registered on May 1, 2001 and the allegations that Defendant caused confusion by intentionally appropriating the trade name to profit from Plaintiffs' reputation must be taken as true for the purposes of this motion to dismiss, and Plaintiffs sufficiently stated a claim for trade name infringement under LSA-R.S. 51:222.

After discovery on asserted claims, summary judgment disposition on some claims (and possibly defenses) might become appropriate provided no material factual disputes are found to exist. Accordingly,

**IT IS ORDERED** that Defendant's Motion to Dismiss (Rec. Doc. 155) is **DENIED**.

New Orleans, Louisiana, 14th day of July, 2008.

IVAN L.R. LEMELLE
UNITED STATES DISTRICT JUDGE