**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **ABLE SECURITY AND PATROL,** | * | **CIVIL ACTION** |
| **L.L.C. AND HENRY JOLLY** | * | |
| **VERSUS** | * | **NO. 07-1931** |
| | * | |
| **STATE OF LOUISIANA, ET AL** | * | **SECTION "B"(4)** |

## ORDER AND REASONS

Before the Court is a Motion to Dismiss (Rec. Doc. No. 183)filed by the state,its related agencies and state employee. It seeks dismissal on the grounds that the court lacks subject matter jurisdiction over the state defendants and that plaintiffs' complaint fails to state a claim for which relief may be granted. The Motion is opposed (Rec. Doc. No. 185) and a reply memorandum has also been filed (Rec. Doc. No. 188).

## BACKGROUND

Plaintiffs, Able Security and Patrol, LLC and Henry Jolly, filed this action alleging violations of their rights under the 14th Amendment, violations of their civil rights under 42 U.S.C. §§ 1983, 1985, state law tort violations and violations of the Louisiana Constitution. Plaintiffs allege that Able Security & Investigations of Louisiana, LLC, an alleged unlicensed out of state security company, and others security companies similarly situated, were allowed to illegally conduct security operation in Louisiana without proper licensing. Plaintiffs also suggest these out of state and unlicensed companies took their clients and put

1

them out of business. Regarding Able Security & Investigations, LLC and Walter Roberts, it is alleged that they knowingly used a name similar to that of the plaintiffs in violation of trade law and in order to gain a profit.

Initially, plaintiffs inadequately attempted service of process on defendants. After the Board and Mr. Rogillio filed their original Motion to Dismiss (Rec. Doc. No. 69). This honorable Court dismissed them without prejudice (Rec. Doc. No. 115). Currently, plaintiffs have filed a Second Supplemental and Amending Complaint (Rec. Doc. No. 158) and The Board and Mr. Rogillio have been ordered to file responsive pleadings thereto (Rec. Doc. No. 180).

## **DISCUSSION**

**I. Motion To Dismiss Standard**

When reviewing a motion to dismiss, courts must accept all well-pleaded facts as true and view them in the light most favorable to the non-moving party. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). However, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). " 'To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.' " *Gonzales v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949

(2009)) (internal quotation marks omitted).  The Supreme Court in *Iqbal* explained that *Twombly* promulgated a "two-pronged approach" to determine whether a complaint states a plausible claim for relief. *Iqbal*, 129 S.Ct. at 1950.  First, courts must identify those pleadings that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id.*  Legal conclusions "must be supported by factual allegations." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 1949.

Upon identifying the well-pleaded factual allegations, courts then "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 1950.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*  The plaintiffs must "nudge[] their claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

**II. Subject Matter Jurisdiction**

Defendants argue that the court lacks subject matter jurisdiction over the State of Louisiana's Department of Public Safety and Corrections ("LDPSC"), the Louisiana State Board of

3

Private Security Examiners ("The Board of Examiners"), and The Board's Executive Secretary Wayne Rogilio. Under the Eleventh Amendment to the Constitution, states are immune from suit by private persons in federal court.[1] Defendants argue that LDPSC and The Board of Examiners may invoke state immunity under the Supreme Court's decision in *Regents of the University of California v. John Doe*, 519 U.S. 425, 429 (1997).

In *Regents*, the Court held that state immunity under the Eleventh Amendment extends to actions against certain state agencies and instrumentalities that are classified as "arms" of the state. *Id.* at 430. Determining whether an entity is an arm of the state requires analysis of both the state's financial and legal liability for an adverse judgment against the entity. *Id.* at 431. Defendants argue that LDPSC is entitled to immunity because it has already been identified as an arm of the state of Louisiana in *Champagne v. Jefferson Parish Sheriff's Office*, 188 F.3d. 312 (1999) (suggesting that "all Louisiana executive departments have Eleventh Amendment immunity"). *Champagne* has been cited by recent Fifth Circuit Court of Appeals decisions to support the conclusion that the LDPSC is immune from suit, *Gonzales v. Smith*, 304 Fed.

---

[1] The Eleventh Amendment excludes from the jurisdiction of federal courts "any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. CONST. amend. XXI.

4

Appx. 298, 299 (5th Cir. 2008), and as support for the broader proposition that all executive departments of Louisiana have sovereign immunity, *Vogt v. Bd. of Comm'rs*, 294 F.3d 684, 692 (5th Cir. La. 2002). No subsequent Fifth Circuit decisions have expressly overruled the decision in *Champagne* or cast doubt on the validity of the decision's reasoning. It is important to note, however, that *Champagne* is cited as merely suggesting that all Louisiana executive departments have Eleventh Amendment immunity based on the analysis of several factors used to determine whether a government entity is protected by the state's sovereign immunity. The text of the opinion does not definitively conclude that all executive departments are unquestionably immune.

The instant action is also a suit against The Board of Examiners, which is a state agency that defendants allege is a "part of the executive branch of the State of Louisiana through its Department of Public Safety and Corrections." (Motion to Dismiss at 3). Although precedent suggests that executive departments and the LDPSC are protected from suit by the state's Eleventh Amendment sovereign immunity, defendants must also show that The Board of Examiners is immune by virtue of its status as an agency of the LDPSC. Defendants make similar arguments to establish both the immunity of LDPSC and The Board of Examiners. Once again, defendants cite *Champagne* for the proposition that executive departments have immunity and *Regents* to support that "arms" of the

state are also immune. However, defendants' analysis is problematic because it fails to fully support the conclusion that an agency within an executive department is also immune under the Eleventh Amendment. The Board of Examiners and LDPSC are different governmental entities; the former is an agency of the LDPSC and the latter is an executive department. Defendants do cite to two Fifth Circuit cases in which an agency within an executive department is held to have sovereign immunity.

The first is *Earles*, a case in which the court concluded that The Board of Certified Public Accountants was immune as an agency within the Department of Economic Development. *Earles* 139 F.3d at 1039. The court's analysis, however, focuses on the broad legislative grant of power exercised by the agency rather than the agency's organizational affiliation with an executive department. The second is *Neuwirth v. Louisiana State Board of Dentistry*, 845 F.2d 553, 556 (5th Cir. 1988), in which the court held that The Board of Dentistry was immune as an agency within the Department of Health and Human Resources. Although the decisions in both cases finds an agency to have sovereign immunity, this does not necessarily mean that every state agency within an executive department has immunity this Court finds that the LDPSC is analogous to the Board of Dentistry and thus the Eleventh Amendment immunity applies to this department.

Plaintiffs provide the multiple factor test used in *Earles v.*

*State Board of Certified Public Accountants,* 139 F.3d 1033, 1037(5th Cir. 1998), to guide the analysis of whether or not The Board of Examiners is entitled to Eleventh Amendment Immunity. Although the factors are correctly stated, plaintiffs fail to properly support the analysis provided for each factor. The small amount of analysis given is cursory and unpersuasive.

Defendants' motion to dismiss also alleges that Wayne Rogilio, executive secretary of LDPSC and a defendant in this case, is immune from suit as a state official. Defendants argue that a suit against a government officer for actions taken as part of his or her official capacity is generally construed as a suit against the state entity for which the officer works. *Kentucky v. Graham*, 473 U.S. 159, 165 (1985). Defendants argue that the instant action should be construed as an official-capacity suit instead of a personal-capacity suit.[2]

In this case, plaintiffs filed suit against Rogilio "in his capacity as Executive Secretary of the Board." (Rec. Doc. 158). In the Sixth Circuit, it is the plaintiff's responsibility to indicate in the pleadings whether a suit against a state officer is an official or personal-capacity suit. *Soper v. Hoben*, 195 F.3d

---

[2] Personal-capacity suits are filed against a government officer and seek to impose individual liability on the officer. *Hafer v. Melo*, 502 U.S. 21, 25 (1991). In a personal-capacity suit, the officer is accused of taking action under the color of law which deprived an individual of his or her federal rights. *Id.*

845, 853 (6th 1999). Without any designation the suit is considered an official-capacity suit by the operation of law. *Id.* The Eastern District of Louisiana cited *Soper* in *Douglas v. Guzman*, 567 F. Supp. 2d 877, 889 (E.D. La. 2008), and held that the court will presume that a state official is named in his or her official capacity if a pro se plaintiff fails to indicate otherwise. In addition, the Eastern District of Louisiana has further held that when a plaintiff does not specify in his complaint whether a defendant is named in his or her official or individual capacity, it is presumed by operation of law that the defendant is named in his or her official capacity. *Stokes v. Culver* 2008 WL 4724306, at *4 (E.D.La., October 24, 2008) (Unpublished)(Barbier, C.) *citing Soper v. Hoben,* 195 F.3d 845, 853 (6th Cir.1999)*, cert. denied,* 120 S.Ct. 2719 (2000); *Wells v. Brown,* 891 F.2d 591, 593 (6th Cir.1989); *See also Ledomicile, Inc. V. State of La., Through Department of Health and Human Resources,* 674 F.Supp. 546 (E.D.La.1987). In the instant case, suit against Wayne R. Rogillio, Executive Secretary of the Louisiana State Board of Private Security Examiner would be suit against the State of Louisiana and barred by the Eleventh Amendment. *See Castille v. State of Louisiana,* No. 99-0940, 1999 WL 544684, slip op. at *2 (E.D.La. July 27, 1999) (Clement, J.) (unpublished). All claims against this defendant in his official capacity must also be dismissed because he is immune.

The State of Louisiana is immune from suit in federal court under the Eleventh Amendment. Sovereign immunity under the Eleventh Amendment bars actions for monetary relief in federal court against a State or state agency unless the State has consented to be sued. U.S. Const. amend. XI; *Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 100 (1984); *Ala. v. Pugh,* 438 U.S. 781, 782 (1978); *Richardson v. Southern Univ.,* 118 F.3d 450, 452 (5th Cir.1997).

Generally, the State of Louisiana has not waived its immunity or consented to the exercise of federal judicial power in civil actions against it. La.Rev.Stat. Ann. § 13:5106(A); *Delahoussaye v. City of New Iberia,* 937 F.2d 144, 147 (5th Cir.1991). Thus, in each unsanctioned instance of federal suit, the State or its agency must affirmatively waive its Eleventh Amendment immunity. *Port Auth. Trans-Hudson Corp. v. Feeney,* 495 U.S. 299, 305 (1990); *Stem v. Ahearn,* 908 F.2d 1, 4 (5th Cir.1990).

To ensure the enforcement of federal law, however, the Eleventh Amendment permits suits for prospective injunctive relief against state officials acting in violation of federal law. *Frew ex rel. Frew v. Hawkins,* 540 U.S. 431, 437 (2004) (citing *Ex parte Young,* 209 U.S. 123 (1908)). This standard allows federal courts to order prospective relief and ancillary relief thereto where there exists a violation of federal law. *Id.* (citing *Edelman v. Jordan,* 415 U.S. 651 (1974); *Milliken v. Bradley,* 433 U.S. 267 (1977); *Green v. Mansour,* 474 U.S. 64, 71-73 (1985)).

9

However, plaintiffs have failed to allege any declaratory or injunctive relief in their Second Supplemental and Amended Complaint (Rec. Doc. No. 158)against the defendants sued in their official capacity. For these reasons, although the State of Louisiana is not per se immune from a declaratory and injunctive relief suit, plaintiffs failed to assert a claim for which relief can be granted against LDPSC, The Board of Examiners, and the Board's Executive Secretary, Wayne Rogilio under Sections 1983 and 1985 because the relief sought is alleged to be monetary in nature. Therefore, plaintiffs' claims against against LDPSC, The Board of Examiners, and the Board's Executive Secretary, Wayne Rogilio in his official capacity are subject to dismissal for failure to state a claim for which relief can be granted.

### III. Waiver or Abrogation of Sovereign Immunity

Defendants properly rely on Fifth Circuit precedent to establish that Eleventh Amendment immunity applies unless the state has waived immunity or congressional legislation has abrogated state immunity. *Coolbaugh v. State of Louisiana*, 135 F.3d. 430, 432-33 (5th Cir. 1998). Defendants incorrectly cite *Earles v. State Board of Certified Public Accountants*, 139 F.3d 1033 (5th Cir. 1998), to support the proposition that a state may only waive immunity through an express act of the legislature. (Motion to Dismiss at n.10). Despite this incorrect citation, however, there is Fifth Circuit precedent to support the notion that a state must

10

expressly waive immunity through constitutional provision or statute. *Fairley v. Stalder*, 294 Fed. Appx. 805, 811 (5th Cir. 2008). In *Fairley v. Stalder*, the court held that the state of Louisiana had not statutorily expressed the intent to expose itself to suit in federal court and therefore did not expressly waive Eleventh Amendment immunity. *Fairley*, 294 Fed. Appx. at 811. Louisiana law also explicitly provides that the state has not waived sovereign immunity and expressly states that "no suit against the state or state agency or political subdivision shall be instituted in any court other than a Louisiana state court." LA. REV. STAT. ANN.§ 13:5106 (2009). Section 13:5106 of the Louisiana Revised Statutes and the Fifth Circuit Court of Appeals' decision in *Fairley*, both support defendants' assertion that Louisiana has not statutorily waived sovereign immunity from suit in federal court.

**IV. Plaintiffs' Claims are Prescribed**

Defendants correctly cite Louisiana statutory law and federal case law to establish that the statute of limitations is one year for the plaintiffs' claims under 42 U.S.C. § 1983, 85, the Louisiana Unfair Trade Practices Act, and general tort law. The statute of limitations that federal courts must apply for Section 1983 and Section 1985 claims is the state law statute of limitations for analogous causes of action. *Mitchell v. Crescent River Port Pilots Assoc.*, 265 Fed. Appx. 363, 367 (5th Cir. 2008).

11

Louisiana's state statute of limitations for torts is the applicable limitations period with respect to Section 1983 and 1985 claims. *Id.* Plaintiffs' claims under the Louisiana Unfair Trade Practices act are also subject to a one year statute of limitations. LA. REV. STAT. ANN.§ 51:1409 (2009). The limitations period began the moment that plaintiffs became aware that they "ha[d] suffered an injury or ha[d] sufficient information to know that [they] ha[d] been injured." *Helton v. Clements*, 832 F.2d. 332, 335(5th Cir. 1987). It does appear that plaintiffs were aware of the injury at least as early as March 2006, when they received a cease and desist order from The Board of Examiners. (Rec. Doc. 158). Plaintiffs failed to file a complaint, however, until April 17th of 2007 after the statute of limitations had already lapsed. (Rec. Doc. 1). This Court dismissed the complaint without prejudice for failure to timely effect service under Fed. R. Civ. P. 4(m). (Rec. Doc. 115). Dismissal under Rule 4(m) results in the complaint being treated as though it were never filed and the running of the statute of limitations is not interrupted. *Cruz v. State of Louisiana*, 528 F.3d. 375.

Plaintiffs argue that under "black letter law" the filing of the instant action is not prescribed by the statute of limitations, because it relates back to the initial complaint. However, the initial complaint was dismissed pursuant to rule 4(m) and therefore is treated as though it was never filed. *Cruz v. State of*

*Louisiana*, 528 F.3d. 375. Under present circumstances, there is no "relation back" to defeat the timeliness issue.

**V.  Conclusion**

**IT IS ORDERED** that plaintiffs' claims against state defendants under 42 U.S.C. 1983 and 1985, the Louisiana Unfair Trade Practices Act, and general tort law are hereby **DISMISSED.**

New Orleans, Louisiana this 30th day of March, 2010.

_____
United States District Judge