## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ABLE SECURITY AND PATROL, LLC, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO:     07-1931** |
| **STATE OF LOUISIANA, ET AL.** | **SECTION: "B" (4)** |

### ORDER

On June 19, 2011, the Plaintiffs, Able Security and Patrol, LLC and Henry Jolly, filed a **Petitioner's First Interrogatories, Production Requests and Requests for Admission to Able Security and Investigations of Louisiana, LLC and Walter D. Roberts (R. Doc. 212)** which seeks an Order compelling the Defendant, Able Security and Investigations of Louisiana, LLC and Walter D. Roberts, to respond to its outstanding discovery and deem its Requests for Admissions admitted. The motion was considered on the briefs.

According to the Scheduling Order, the deadline for discovery was June 1, 2011. (R. Doc. 200, p. 1.)  Under the Federal Rules of Civil Procedure, a scheduling order may only be modified for good cause shown and with the Judge's consent. Fed. R. Civ. Pro. 16(b)(4).  In determining whether a party has provided good cause to seek discovery beyond the deadline set in the Scheduling Order, Courts may examine four factors: "(1) the explanation for the untimely conduct; (2) the importance of the requested untimely action; (3) the potential prejudice in allowing the untimely conduct; and (4) the availability of a continuance to cure such prejudice." *Huey v. Super Fresh/Sav-A-Center, Inc.*, No. 07-1169, 2008 WL 2633767, at *1 (E.D. La. June 25, 2008) (citing *S & W Enters., LLC v. S. Trust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003)).  "The good cause standard requires the party seeking

relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *S & W Enters., LLC*, 315 F.3d at 535 (internal quotations and citations omitted).

The Court notes that the instant motion was not filed until June 19, 2011, eight (8) days after the discovery deadline. However, under the terms of the Scheduling Order, the deadline in which to *complete* discovery was June 1, 2011. Therefore, the motion was untimely filed. Further, the Plaintiff did not timely apply for an extension of the discovery deadline nor did the Plaintiff make any arguments under the Rule 16(b) good cause standard.

Accordingly,

**IT IS ORDERED** that Able Security and Patrol LLC and Henry Jolly's **Petitioner's First Interrogatories, Production Requests and Requests for Admission to Able Security & Investigation of Louisiana, LLC and Walter D. Roberts (R. Doc. 212)** is hereby **DENIED.**

New Orleans, Louisiana, this 1st day of July 2011

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**